COAST PRODUCTS COMPANY *v.* MORGANTOWN PACK-
ING COMPANY.

[No. 11,002.   Filed November 29, 1921.]

NEW TRIAL.—*Surprise Before Trial.—Right to New Trial.—Fail-
ure to Move Postponement or Dismissal.—Statutes.*—Where the
surprise specified as ground for new trial came to appellant's
counsel before trial in time to have moved for a postponement
under §419 *et seq.* Burns 1914, §410 *et seq.* R. S. 1881, or to dis-
miss the action without prejudice, as they had an absolute right
to do under §388 Burns 1914, §333 R. S. 1881, both of which
rights were waived, appellant cannot complain of the trial
court's refusal to grant a new trial on such ground, though the
court, on the morning of the day set for trial, intimated that he
would not look with favor on a motion for a postponement; the
surprise constituting ground for a new trial being surprise oc-
curring at the trial.

From Morgan Circuit Court; *Alfred M. Bain,* Judge.

Action by the Coast Products Company against the
Morgantown Packing Company.   From a judgment for
defendant, the plaintiff appeals.   *Affirmed.*

*W. H. Pigg* and *John E. Sedwick,* for appellant.

*W. H. Latta* and *S. C. Kivett,* for appellee.

DAUSMAN, J.—This action was instituted by the ap-
pellant to recover damages resulting from an alleged
breach of contract.   The complaint was filed on March
26, 1919.   On September 13, 1919, the defendant filed
an answer which is designated in the record "an answer
in denial."   It bears on its face evidence of at least an
attempt on the part of appellee's counsel to verify it
by his oath; and counsel for appellant regard it as a
verified general denial.   The cause was tried April 16,
1920, on the theory that the answer was a *non est
factum.*   The trial resulted in a verdict and judgment
for the appellee.   The only error assigned challenges
the action of the court in overruling the motion for a
new trial.

One of the grounds specified in the motion for a new

NOVEMBER TERM, 1921. 685

Coast Products Co. *v.* Morgantown Packing Co.—76 Ind. App. 684.

trial is surprise which ordinary prudence could not have guarded against. The facts which the appellant claims constituted surprise, and which are narrated in the verified statement of one of the appellant's counsel, are as follows:

"That appellant's counsel on the Saturday preceding the day of trial examined the minutes on the court's docket to ascertain what the answer was and what issue had been joined; that they then believed, and up to that time had believed, that the only issue for trial was the issue raised by a general denial; that on the Wednesday preceding the day fixed for the trial they discovered that the pleadings were not on file in the office of the clerk of the court; that thereupon they went to the office of the attorney for the appellee, where the pleadings were found; that on receiving the pleadings from the appellee's counsel, they learned for the first time that the answer was verified and was in reality an answer of *non est factum;* that the contract sued on purports to have been executed on behalf of appellee by one O. C. Raymond who used for that purpose a stamp which was kept and used by said Raymond as appellee's superintendent, manager and general agent; that appellant's counsel had been informed that the contract had been so executed through the office of one William S. Craig, a broker at Indianapolis; that appellant's counsel had knowledge that said Raymond had been living at Morgantown, and accordingly they procured a subpoena to be issued for him and placed in the hands of the sheriff of Morgan county; that the subpoena was returned, 'not found'; that they made an effort to locate William S. Craig for the purpose of procuring his testimony as a witness at the trial, but that Craig was at that time in the State of New York; that the testimony of Raymond and Craig can and will be procured if a new trial be granted; that appellant's

counsel knew of no other witnesses by which they could prove the execution of the contract; that they are informed and believe that the testimony of said absent witnesses would prove the execution of the contract; that appellant's counsel relied on their examination of the court's minutes and until two days before the trial they believed in good faith that the answer in denial was not verified; that they have done all that could be done to obtain the testimony of the two absent witnesses; that on the morning of the day fixed for trial they informed the court that they could not safely go to trial without said witnesses, and that thereupon the court indicated that it would not look with favor upon any application for a continuance."

It clearly appears that the surprise which is specified as ground for a new trial came to appellant's counsel in time for them to have filed a motion for a postponement of the trial. The fact that the trial judge intimated that he would not look with favor on a motion for a postponement is not sufficient to justify their failure to file such a motion. When entrusted with the rights of a citizen in a court of justice, counsel should not be so easily rebuffed and turned from the path of duty. They had an absolute right to file such a motion and get a ruling thereon in the regular way. §419 *et seq.* Burns 1914, §410 *et seq.* R. S. 1881. Had they done that, and if the ruling had been adverse, they could have taken an exception and presented the matter for review on appeal. *Reed* v. *Light* (1908), 170 Ind. 550, 85 N. E. 9. They also had an absolute right to have dismissed their action and thus kept themselves free to institute another action untrammeled by the former. §338 Burns 1914, §333 R. S. 1881. Having waived their rights conferred by the foregoing provisions of the Code of Civil Procedure, they are not now in a position to complain of the action

of the court in refusing to grant a new trial on the ground of surprise. The surprise which may constitute ground for a new trial is surprise occurring at the trial.

Judgment affirmed.

Nichols, J., dissents.